### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| ELISHA RIGGLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:14-03874 |
| ) | |
| UNITED STATES ATTORNEY ) | |
| R. BOOTH GOODWIN, II, ) | |
| ) | |
| Defendant. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's letter-form Motion to Dismiss Complaint (Document No. 11.), filed on February 18, 2014. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

### FACTUAL AND PROCEDURAL HISTORY

On January 22, 2014, Plaintiff, proceeding *pro se*, filed his "Bivens Civil Action Crossed with a Habeas Corpus 28 § 2241 and/or 28 § 2255."[1] (Document No. 1.) Specifically, Plaintiff requests that this "court investigate the ethics of the U.S. Attorney R. Booth Goodwin II on grounds that the fair and just Due Process of Law and his constitutional rights are greatly in violation." (Id.) Plaintiff complains that "the Special Assistant U.S. Attorney appointed in Case No. 5:11-cr-0124 in the U.S. District Court for the Southern District of West Virginia was illegal." (Id.) Plaintiff states a the "SAUSA was appointed without cause." (Id.) First, Plaintiff contends there was no conflict of interest pursuant to 28 C.F.R. § 600.1. (Id.) Next, Plaintiff argues that Ms. Stevens was not qualified

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

to act as special counsel pursuant to 28 C.F.R. § 600.3. (Id.) Plaintiff, therefore, requests that the Court award him $100,000 a day "for everyday of illegal detainment and for Case No. 5:11-cr-0124 in the Southern District of West Virginia be dismissed or that a legal Special Assistant U.S. Attorney be duly appointed to hear the case." (Id.)

On February 3, 2014, Plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs. (Document No. 6.) On February 18, 2014, Plaintiff filed his letter-form Motion to Dismiss. (Document No. 11.) Plaintiff requests that the Court "send to [him] a 28 § 2255 Habeas form to fill out" and "remove from the Docket Case No. 5:14-3874."[2] (Id.) Plaintiff explains that he is "not yet prepared with all the evidence against the Government." (Id.)

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

---

[2] Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is currently pending before this Court. (Civil Action No. 5:14-cv-03232)

2

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

### **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Dismiss Complaint (Document No. 11.), **DENY** Plaintiff's Motion to Proceed Without Prepayment of Fees and Costs (Document No. 6.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: July 3, 2014.

                                                  R. Clarke VanDervort
                                                United States Magistrate Judge